## SPRAGUE v. DODGE et al.

Court of Appeals of District of Columbia.

Submitted November 21, 1927. Decided February 6, 1928.

No. 1979.

Patents ⊚⟿47—Senior parties held properly awarded priority for automatic train control system as against contention that it was inoperative.

Senior parties in interference proceeding involving an automatic train control system *held* properly awarded priority as against contention that device was inoperative and without usefulness or value.

Appeal from the Commissioner of Patents.

Interference proceeding between Frank J. Sprague and Lyman E. Dodge and another. Decision for the latter, and the former appeals. Affirmed.

S. F. Parham and V. M. Dorsey, both of Washington, D. C., and F. C. Cole and Thos. Ewing, both of New York City, for appellant.

L. K. Sager, of New York City, for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

PER CURIAM. The invention involved in this interference is an automatic train control system. There are six counts, of which count 3 is illustrative, and reads as follows:

"Count 3. In an automatic train control system of railroads having tracks divided into blocks, each provided with a normally closed track circuit, a permanent magnet on the track in each block and having coils associated therewith for neutralizing its external field, an electromagnet at the exit end of each block, energizing circuits for the coils of the permanent magnet and the electromagnet of each block controlled by the track circuit of the next block in advance, normally energized brake control apparatus on a vehicle, a normally closed control circuit for said apparatus, normally energized stick relay on the vehicle controlling said circuit, separate impulse receiving means on the vehicle influenced independently by the permanent magnets and the electromagnets, a stick circuit for said relay opened when one of the impulses receiving means is influenced from the track by a permanent magnet, and a pick-up circuit for the stick relay governed by the other impulse receiving means."

The application of Dodge and Preston

was filed on July 27, 1916. Sprague filed on August 7, 1919.. Sprague, although the junior party, took no testimony as to priority of conception and reduction to practice, but relied solely upon the claim that the device of Dodge and Preston is inoperative and without usefulness or value. Both parties have taken testimony upon that issue, comprising the opinions of experts and descriptions of tests. The decisions of the Patent Office tribunals agree as to the facts in question, and are unanimously against Sprague, who now appeals.

The invention, as set out in count 3, supra, consists of a system for automatically stopping or reducing the speed of a moving train by means of magnetic impulses imparted to the locomotive while passing. According to the device of Dodge and Preston, the railroad track is divided into insulated sections or blocks, each provided with electric batteries and circuits. A permanent magnet wound with wire coils is installed at the entrance of each block, and is controlled by electrical connections with the next forward block. If the latter block is clear, the permanent magnet is rendered neutral by means of a current through the coils, and the movement of the train is unaffected by it; but, if the next forward block is occupied, the permanent magnet inductively sets in action an electrical system installed upon the locomotive, which automatically sets the air brakes, so as to stop the train or reduce its speed to a predetermined maximum. The device includes also an electromagnet at the exit of the block, which automatically releases the set brakes, should the next forward block be then cleared.

Sprague charges that the permanent magnet of this device is not usable for the service required of it, because it would rapidly lose strength and become an uncertain factor, and that the prior art discloses no magnet which is usable for this purpose. He charges, also, that the co-operating circuit on the locomotive embodies a connection which renders operation uncertain. He does not contend, however, that the Dodge and Preston device cannot operate, but maintains that it discloses such an inherent liability to fail under conditions likely to arise in practice as to make it inoperative in the statutory sense.

These are questions of fact, which manifestly were carefully considered by the tribunals of the Patent Office, and their concurring opinions, considered together with the record, are convincing of the correctness of their decisions. We find it unnecessary to repeat the reasons stated by them; accordingly we affirm the decision of the Commissioner of Patents, awarding priority to Dodge and Preston, upon the grounds given below.

Affirmed.