## SPRAGUE v. DODGE et al.

Court of Appeals of District of Columbia.

Submitted November 21, 1928. Decided February 6, 1928.

No. 1980.

Patents ☞91(4)—Senior parties held properly awarded priority for automatic train control system, on question of date of conception and disclosure.

Senior parties in interference proceeding involving automatic train control system *held* properly awarded priority, on question of date of conception and disclosure.

Appeal from the Commissioner of Patents.

Interference proceeding between Frank J. Sprague and Lyman E. Dodge and another. Decision for the latter, and the former appeals. Affirmed.

S. F. Parham and V. M. Dorsey, both of Washington, D. C., and F. C. Cole and Thos. Ewing, both of New York City, for appellant.

L. K. Sager, of New York City, for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

PER CURIAM. This appeal is cognate with patent appeal No. 1979, —— App. D. C. ——, 24 F.(2d) 283, concurrently decided herewith, in which the same invention was in interference between the same parties. The two appeals accordingly have been argued and submitted together. In the former case Sprague, the junior party, took no testimony as to priority of conception and reduction to practice, but relied solely upon the contention that the device disclosed by Dodge and Preston, the senior parties, was inoperative and without usefulness in the art. Testimony was taken by both parties upon that question, and in concurring opinions the tribunals of the Patent Office held against Sprague's contention, and priority was awarded by the Commissioner of Patents to Dodge and Preston. The decision was affirmed by this court.

In the present case, however, Sprague alleges dates of conception, with written de-

scription and disclosure to others, ante-dating the dates upon which Dodge and Preston rely; also alleging diligence up to the time of filing his application. He has taken testimony upon these points in this case, and also as to the alleged inoperativeness of the Dodge and Preston device. The latter parties have likewise taken testimony upon the latter question.

The tribunals of the Patent Office have decided unanimously against Sprague upon each of these questions, and the Commissioner of Patents has awarded priority to Dodge and Preston, the senior parties. We have examined the record, and are convinced that the decisions below were right, for the reasons stated in the respective opinions. We find it unnecessary to repeat these reasons in the present opinion; we therefore affirm the decision of the Commissioner of Patents, awarding priority to Dodge and Preston, upon the grounds given by the lower tribunals.

Affirmed.